IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MURIEL NASH,<br><br>            Plaintiff,<br><br>      v.<br><br>UCSF MEDICAL CENTER,<br><br>            Defendant. | Case No.: 11-cv-4473 JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO ENFORCE SETTLEMENT (Dkt. No. 42) & PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT (Dkt. No. 46)** |

Plaintiff Muriel Nash ("Nash") alleges that her former employer, Defendant UCSF Medical Center ("UCSF"), discriminated against her based on her race, disability, and military status. Following a mediation session on February 5, 2013, the parties entered into a written settlement agreement resolving the lawsuit. Now pending before the Court are Defendant's Motion to Enforce the Settlement (Dkt. No. 42) and Plaintiff's Motion to Set Aside the Settlement (Dkt. No. 46). Having considered the parties' filings, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's motion to set aside and GRANTS Defendant's motion to enforce.

## BACKGROUND

Plaintiff filed this civil action on September 9, 2011 alleging violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5(g). (Dkt. No. 1.) Plaintiff was granted multiple continuances of the time to serve the summons and complaint, and the initial case management conference was continued on three occasions at Plaintiff's request as Plaintiff was deployed to Afghanistan as an Army Reserve nurse. (Dkt. Nos. 5, 7, 8). Defendant was finally served on August 27, 2012 and the parties appeared for an initial case management conference on September 20, 2013. Following the case management conference, the case was referred to the Court's ADR unit for the purpose of scheduling a mediation. The Hon. Ellen James (Ret.) of JAMS was appointed as a mediator and the parties participated in a mediation session with her on February 7, 2013. The case settled at the mediation with an executed a written settlement agreement which resolved the lawsuit. Upon notice that they case had been settled, the Court entered an Order of Dismissal the following day. (Dkt. No. 30.)

Over a month later, Plaintiff filed a notice requesting that the dismissal be vacated based on a mistake of fact as to the settlement. (Dkt. No. 31.) On April 4, 2013, the Court held a further case management conference to address the status of the settlement. At that time, Plaintiff requested referral to a magistrate judge for settlement. A settlement conference was scheduled before Magistrate Judge Kandis Westmore; however, three days before the settlement conference, Plaintiff requested that the settlement conference be postponed to allow the Court to rule on the enforceability of the February 7, 2013 settlement. The settlement conference was postponed, and the now-pending competing motions to vacate or to enforce the settlement agreement followed.

## DISCUSSION

A federal court has the equitable power to summarily enforce a settlement reached by the parties in a case pending before it. *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Defendant moves to enforce the February 7, 2013 written settlement agreement relying on federal law. While the underlying action arises under federal law, an action to enforce a

2

1 settlement agreement filed in the same court in which the underlying action is pending rests
2 on "principles of contract formation to determine whether a settlement agreement exists."
3 *Hatami v. Kia Motors Am., Inc.*, No. 08-226, 2011 WL 1456192, at *1 (C.D. Cal. Apr. 14,
4 2011) (internal citations omitted); *see also Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir.
5 1989)("The construction and enforcement of settlement agreements are governed by
6 principles of local law which apply to interpretation of contracts generally").  This is true
7 even though the underlying cause of action is federal.  *Jeff D.*, 899 F.2d at 759; *In re Beverly
8 Hills Bancorp*, 649 F.2d 1329, 1332-33 (9th Cir. 1981).  The cases on which Defendant relies
9 do not hold to the contrary.  *See, e.g., Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 460
10 (9th Cir. 1989) (holding that federal law governs the interpretation and validity of a release of
11 claims under Title VII); *Dillard v. Starcon Int'l Inc.*, 483 F.3d 502, 506-07 (7th Cir. 2007)
12 (noting that federal law applies in a suit to enforce the settlement, but further noting that "the
13 issue of whether parties have entered into an enforceable settlement of a federal claim is
14 governed by state law" ); *Smith v. Amedisys Inc.*, 298 F.3d 434, 441 (5th Cir. 2002)
15 (concluding that a separation agreement signed prior to the lawsuit constituted a binding
16 release of the plaintiff's Title VII and state law employment discrimination claims).

**A.  Enforceability of the Settlement Agreement**

The Court first turns to the question of whether the settlement agreement is enforceable based general principles of contract law.  Plaintiff contends that the settlement agreement is unenforceable because it is predicated upon a unilateral mistake of fact.  Under California contract law, a mistake of fact is "a mistake, not caused by the neglect of a legal duty on the part of the person making the mistake, and consisting in ... an unconscious ignorance or forgetfulness of a fact past or present, material to the contract." Cal. Civ.Code § 1577.  "To relieve one from obligations resulting from the signing of an instrument, on the ground of mistake, the error must be real and vital and not merely fanciful, unreasonable, or the result of negligently failing to read the document." *Fraters Glass & Paint Co. v. Southwestern Const. Co.*, 107 Cal.App. 1, 6, 290 P. 45 (1930).  Generally speaking, there is a mistake of fact when a person understands the facts to be other than they are. *Reid v. Landon*,

1  166 Cal.App.2d 476, 483, 333 P.2d 432 (Cal.Ct.App.1958).   Proof of mistake should be
2  clear, convincing and satisfactory to the trial court.  *Ciulla v. Telschow*, 152 Cal.App.2d 597,
3  600, 313 P.2d 188 (Cal.Ct.App.1957). "Under the Restatement (Second) of Contracts § 154, a
4  party bears the risk of mistake when 'he is aware, at the time the contract is made, that he has
5  only limited knowledge with respect to the facts to which the mistake relates but treats his
6  limited knowledge as sufficient.'"  *In re Mesatronic USA, Inc.*, No. 08-53287, 2010 WL
7  5175024, *2 (Bankr. N.D. Cal. Dec. 6, 2010); *see also, Wal–Noon Corp. v. Hill*, 45
8  Cal.App.3d 605, 615, 119 Cal.Rptr. 646 (Cal.Ct.App.1975) ("[f]ailure to make reasonable
9  inquiry to ascertain or effort to understand the meaning and content of the contract ...
10 constitutes neglect of a legal duty such as will preclude recovery for unilateral mistake of
11 fact"].)  A unilateral mistake of fact is not a basis to rescind a contract unless the other party
12 had reason to know of the mistake or caused the mistake or unless the effect of the mistake is
13 such that enforcement of the contract would be unconscionable.  *See Donovan v. RRL Corp.*,
14 26 Cal.4th 261, 280–82, 109 Cal.Rptr.2d 807, 27 P.3d 702 (2001).

15 Here, Plaintiff contends that she was under a mistake of fact at the time she signed the
16 settlement agreement because in the weeks leading up to the mediation, defense counsel
17 informed Plaintiff's counsel that "if the mediation were not successful, Defendant had
18 sufficient information to warrant Plaintiff's termination."  (Dkt. No. 49 ¶ 2.)  Plaintiff argues
19 that given this representation she felt compelled to participate in the mediation and accept the
20 settlement because of the "sword hanging over her head," that is, UCSF's threatened
21 termination.  On May 17, 2013, UCSF in fact issued a notice of intent to dismiss to Plaintiff
22 based on an incident that occurred on January 28, 2013; namely, the falsification of patient
23 test results in the electronic medical record.  (Dkt. No. 43, Ex. D.)  Plaintiff appears to assume
24 that this January 28, 2013 incident is the basis for termination alluded to by defense counsel
25 prior to the mediation.  Because Plaintiff contends that UCSF's version of the January 28
26 incident is untrue, she insists that her assent to the February 7, 2013 settlement agreement was
27 based on a mistake of fact; that is, a mistaken belief that UCSF had a basis to terminate her
28 employment.

Plaintiff's disagreement regarding Defendant's grounds for her subsequent termination does not constitute a mistake of fact related to the settlement agreement. First, given that the January 28 incident occurred the week prior to the mediation, and that Plaintiff's counsel states in his declaration that defense counsel made the comment in question "at least several weeks before the mediation," (Dkt. No. 49 ¶ 2), the Court finds that Defendant could not have been referring to the January 28 incident when Defendant purportedly made the statement at issue. Notably absent from Plaintiff's filings is any evidence that she asked Defendant for any information regarding the purported basis for termination should the mediation prove unsuccessful.

Second, the January 28 incident is not the sole basis for termination referenced in the notice of intent to dismiss; Plaintiff also appears to have received counseling regarding inaccurate documentation of patient records on August 10, 2012. (Dkt. No. 43, Ex. D.) Thus, there is evidence in the record that Defendant, in fact, had grounds for terminating Plaintiff's employment apart from the January 28 incident. In other words, there was no mistake of fact.

Third, even if the Court were to find that Plaintiff's misapprehension regarding the facts supporting her threatened termination could constitute a mistake of fact, "a unilateral mistake is not grounds to void a contract if the party making the mistake failed to investigate properly." *In re Mesatronic USA, Inc.*, No. 08-53287, 2010 WL 5175024, at *2 (Bankr. N.D. Cal. Dec. 6, 2010). Plaintiff's failure to even inquire as to the basis for Defendant's belief that it had grounds to terminate her employment is such a failure.

The conclusion is the same with respect to Plaintiff's motion to set aside the settlement. Although Plaintiff cites no legal authority other than "mistake of fact" as the basis for her motion, the Court applies the standard set forth in Federal Rule of Civil Procedure 60(b)(1) which provides that "[o]n motion and just terms, the court may relieve a party…from a final judgment, order, or proceeding for…mistake, inadvertence, surprise, or excusable neglect." *See also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100 (9th Cir. 2006) (affirming denial of Rule 60(b)(1) motion where judgment had been entered after plaintiff accepted defendant's Rule 68 offer, and plaintiff had argued she accepted offer only

5

because of erroneous legal advice). "Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret." *Id*. Rather, "[w]hen a party makes a deliberate, strategic choice to settle, [he] cannot be relieved of such a choice merely because [his] assessment of the consequences was incorrect." *See id*. (internal quotation and citation omitted). Thus, Plaintiff's decision here to accept the February 7, 2013 settlement agreement with the advice of competent counsel based on her assumptions regarding Defendant's threatened termination does not "equate to [] mistake, inadvertence, surprise, or excusable neglect to entitle [her] to have the settlement voided under Rule 60(b)(1)."[1] *Chatman v. Tyner*, No. 03-CV-06636, 2010 WL 2867845, at *1 (E.D. Cal. July 21, 2010).

Accordingly, Plaintiff has failed to demonstrate that a mistake of fact precludes enforcement of the February 7, 2013 settlement agreement.[2] Under California law "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." Cal. Civ. Proc. Code § 664.6.; *see also Facebook, Inc. v. ConnectU, Inc.*, No. 07-01389, 2008 WL 8820476 (N.D. Cal. June 25, 2008) *aff'd sub nom. Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034 (9th Cir. 2011). The Court therefore grants Defendant's motion to enforce the settlement agreement.

---

[1] For the first time in her reply brief, Plaintiff alludes to a "fraud in the inducement" theory in the second to the last line of the reply. (Dkt. No. 53, 2:12.) "Fraud in the inducement . . . occurs when the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable." *Duick v. Toyota Motor Sales, U.S.A., Inc.*, 198 Cal. App. 4th 1316, 1320-21 (2011) (internal quotations and citations omitted). Pursuant to California Civil Code section 1691 "to effect a rescission [based on undue influence] a party to the contract must, promptly…: (a) Give notice of rescission to the party as to whom he rescinds; and (b) Restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." Here, there is no evidence that Plaintiff has done either. In any event, for the same reason Plaintiff has not shown a mistake of fact she has not demonstrated fraud in the inducement.

[2] Defendant's Request for Judicial Notice (Dkt. No. 45) is denied as unnecessary given the Court's conclusion that Plaintiff has not established a mistake of fact.

### B. Application of the Mediation Privilege

In the alternative, Defendant contends that evidence regarding the basis for Plaintiff's mistake of fact is barred under the mediation privilege. Although not addressed by Defendant, it is unclear whether state or federal privilege law would apply. *See Olam v. Cong. Mortgage Co.*, 68 F. Supp. 2d 1110, 1114 (N.D. Cal. 1999) (discussing at length whether state or federal privilege law should apply in the context of a motion to enforce a settlement following court sponsored mediation). Because the Court concludes that there was no mistake of fact sufficient to bar enforcement of the February 7, 2013 settlement agreement, the Court does not reach the question of whether a mediation privilege applies under either federal or state law.

### CONCLUSION

For the reasons explained above, Plaintiff's Motion to Set Aside the Settlement (Dkt. No. 46) is DENIED and Defendant's Motion to Enforce the Settlement (Dkt. No. 42) is GRANTED. In accordance with the Court's February 8, 2013 Order (Dkt. No. 30) this action is DISMISSED with prejudice. The Court notes that, as Defendant emphasizes, the settlement does not preclude Plaintiff from challenging the subsequent termination of her employment.

**IT IS SO ORDERED.**

Dated: August 19, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE